

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00161-CV

_____

IN THE INTEREST OF J.W., A CHILD

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-702194-21

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion on Rehearing by Justice Wallach

## MEMORANDUM OPINION ON REHEARING

On the court's own motion, during our plenary power, we withdraw our prior memorandum opinion and judgment of September 22, 2022 and substitute the following opinion (and corresponding judgment).

Appellant S.G. appeals from the district court's order terminating her parental rights to her son, J.W. S.G.'s court-appointed appellate counsel has filed an *Anders* brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's . . . constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)).

The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Taylor v. Tex. Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied). S.G.'s counsel has certified to this court that he provided S.G. with a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief. We gave S.G. until June 22, 2022 to notify us if she wished to file a pro se response to the *Anders* brief. We received no response. The Department notified us that it would not file a brief. On September 29, 2022, seven days after our

2

opinion was handed down, we received from S.G. a request for access to the appellate record. We now deny S.G.'s request.[1]

Upon receiving an *Anders* brief, we must conduct an independent examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350 (1988); *Taylor*, 160 S.W.3d at 647. We have reviewed the entire record, including the *Anders* brief submitted on S.G.'s behalf. Our review of the record assures us that any issue that S.G. might raise would be frivolous. Accordingly, we affirm the district court's judgment. S.G.'s counsel remains appointed in this case through any proceedings in the Supreme Court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: October 27, 2022

---

[1]We also deny the subsequent rehearing motion filed by S.G.'s counsel.

3